JAMES R. LOWERY and WIFE, Appellants, *v.* R. CRAIG, Executor of J. H. HERBERT, Defendant in Error.

1. FEME COVERT'S SEPARATE ESTATE.—The right of the widow to the personal estate of her deceased husband, exempt by law from execution, is a *chose in action*, and, goes to a subsequent husband under the rule of the common law; her interest therein not being protected by the acts of 1839 or 1846.
2. SAME.—The acts of 1839 and 1846, for the protection of the rights of married women, only extend to the property enumerated in them.

APPEAL from the Probate Court of Carroll county, Hon. William W. Whitehead, judge.

*J. Z. George*, for appellants,
Cited *Harper* v. *Archer*, 8 S. & M. 229 ; *Clark* v. *M'Keary*,

12 S. & M. 347; *Foit* v. *Battle*, 13 Ib. 133, 137; Hutch. Code, tit. Husband and Wife.

*Thomas Botters*, for appellees, filed no brief.

FISHER, J.—This is an appeal from a decree of the Probate Court of Carroll county.

James H. Herbert, in his lifetime was administrator of the estate of Alfred W. King, deceased: the final account touching Herbert's administration was rendered by his administrator. Lowery and wife, the latter being the widow of King, filed an exception to one item in the account, of $303.13,—being a credit claimed by the accountant, for so much money by Herbert in his lifetime paid to Mrs. Lowery, in discharge of a decree which she had obtained against him, on account of property sold by the administrator, which was by the statute exempt from execution, and which on the death of King, vested in his widow.   On the trial in the court below, evidence was introduced for the purpose of showing that Herbert in his lifetime had commenced a suit against Lowery and wife, and that the matters put in litigation by the pleadings of all the parties, as well as all other matters, including the above named decree, were compromised.   It is insisted by counsel that this compromise was as to Mrs. Lowery void, as it does not appear that she acted in the premises: indeed, it is in effect insisted that she could not act.

We disagree with counsel in this view of the law.   Admitting, as contended by counsel, that the decree was merely a *chose in action,* which view we believe to be correct, it stood upon the same footing as a *chose in action* in which the wife was interested, by the rules of the common law.   The husband would have no vested interest therein until reduced to possession, or some act done on his part which amounted to an assertion of ownership over the same.   Releasing would be such an act; or payment to him by the sheriff, or party, would be a reduction to possession.   The case under the previous decisions of this court, does not fall within the provisions of either the statute of 1839, or 1846, giving a *feme covert* a separate estate in certain *enumerated property*.

The decree was rendered against King's estate, and the only question for the Probate Court to decide, was whether part of the estate had been employed or consumed in discharging the decree. The administrator, Herbert, stood charged with the whole estate; and to get rid of this charge his administrator had to show to what purposes the estate had been applied: when he showed a legal disposition of part of the estate, he was entitled to credit accordingly.

Decree affirmed.